

**Dated: January 17, 2020**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                                )
                                                          )          Case No. 19-11494-JDL
Integrity Directional Services, LLC.,       )          Ch. 7
                                                          )          (Involuntary)
                                                          )
                              Debtor.              )

**MEMORANDUM AND ORDER DENYING MOTION FOR
AMENDMENT OF INFORMAL PROOFS OF CLAIM**

### I. Introduction

Where a Chapter 7 creditor has failed to file a proof of claim within the bar date for

claims, under the facts specific to this case, can a creditor's previously filed pleadings

constitute a timely filed "informal proof of claim"?  Before the Court for consideration are

Creditors', Falcon Strategic Partners IV, LP, J&R Investment Group, LLC, K. Rick Turner

Revocable Trust and Manuel F. Gonzalez (collectively "Falcon")*, Motion for Amendment

of Informal Proofs of Claim* (the "Motion") [Doc. 230], the *Trustee's Objection to Motion for

Amendment of Informal Proofs of Claim* (the "Objection") [Doc. 246], creditor *B&T Rentals,

Inc.'s Joinder in and Adoption of Trustee's Objection to Motion for Amendment of Informal*

*Proofs of Claim* ("B&T") [Doc. 247], *Falcon's Reply to Objections of the Trustee and B&T Rentals, Inc.* (the "Reply") [Doc. 251], *Falcon's Post-Hearing Memorandum* [Doc. 275], *Trustee's Response to Falcon's Post-Hearing Memorandum* [Doc. 276] and *B&T Rentals, Inc.'s Joinder in and Adoption of Trustee's Response to Falcon's Post-Hearing Memorandum.* [Doc. 278].

On December 4, 2019, the Court heard oral argument, testimony and documentary evidence from Falcon in support of its Motion and the Objection of the Trustee. Following the hearing and in accordance with the Order of the Court, Falcon, the Trustee and B&T submitted post-hearing memoranda on the issue of the effect of Falcon's withdrawal of its Motion to Lift Automatic Stay (the "Stay Motion") which it claims is one of the basis for this Court finding the existence of an informal proof of claim. The Court has reviewed the motions, briefs, exhibits, heard the arguments of counsel and examined the entire record in the case. Based on that review and the following Findings of Fact and Conclusions of Law pursuant to Fed.R.Bankr.P. 7052 and 9014,[1] the Court denies Falcon's *Motion for Amendment of Informal Proofs of Claim.*

## II. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the Order of Reference of the United States District Court for the Western District of Oklahoma as Local Rule LCvR 81.4 (a). This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

---

[1] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

## III. Background

This case was originally filed as an involuntary proceeding on April 15, 2019, by creditors B&T, Stevens Trucking Co., and SMS Precision Tech. By consent of all the parties, an Order for Relief was entered under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*)[2] on May 9, 2019 [Doc. 43].

On July 10, 2019, the Court Clerk issued its *Notice to File Proof of Claim* ("POC") setting October 8, 2019, as the bar date for filing proofs of claims. [Doc. 151]. Eighty-four (84) creditors timely filed a POC. Falcon did not. It filed its proofs of claim on October 10, 2019, two days late. [POC's 85-1, 86-1, 87-1, & 88-1]. Falcon's proofs of claim stated a total combined claim of $56,351,794 and secured claims of $13,000.000.

In the instant case, there is no dispute that Falcon filed its proofs of claim outside the time frame allocated by the Federal Rules of Bankruptcy Procedure. Nor does Falcon attempt to excuse the tardy filing of its proofs of claim. It acknowledges that it "began preparing proofs of claim for filing in this case in July 2019 with the intention of filing the proofs of claim prior to the bar date of October 8, 2019. The proofs of claims were finalized in August 2019 but not filed prior to the bar date." [Motion, Doc. 230, ¶ 10]. It further acknowledges that the late filing was due solely to "miscommunication within the law firm." [Doc. 251-1, ¶ 17].[3] Rather, Falcon argues that its and the Trustee's filings prior

---

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

[3] Appropriately, Falcon does not argue that it should be permitted to file its proofs of claim out of time under the doctrine of "excusable neglect" as outlined by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct.1489 (1993). *Pioneer* held that the doctrine of excusable neglect does not apply to the late filing of claims in Chapter 7 cases as is allowed in Chapter 11 cases. See also *Jones v. Arross*, 9 F.3d 79, 81 (10th Cir. 1993).

to the bar date contained sufficient information so as to constitute an "informal proof of claim" under applicable law.

## IV. Discussion

### A. Legal Standards for an Informal Proof of Claim

Rule 3001(a) defines a proof of claim as "a written statement setting forth a creditor's claim [and] shall conform substantially to the appropriate Official Form."[4]  Rule 3002(a) mandates that any unsecured creditor wishing to receive a distribution from a debtor's bankruptcy estate must file a timely proof of claim in order for the claim to be allowed.  To be considered timely, in an involuntary chapter 7 case the proof of claim must be filed with the Court within either 90 days after the date first set for the § 341 meeting of creditors, or if the creditor was originally notified that there were insufficient assets to pay a distribution the creditor has 90 days after notice is sent of a possible distribution to file a proof of claim. Rule 3002(c)(5).

Although Rule 3002 requires the proof of claim to be filed within a specified time period to participate on a parity with like claims, the court has discretion to permit an amendment to the proof of claim. See, *In re AM International, Inc.,* 67 B.R. 79, 81 (N.D. Ill. 1986) ("Bankruptcy Rule 7015 expressly adopts Federal Rule of Civil Procedure 15 as the standard for deciding whether to permit an amendment to a proof of claim. Fed.R.Civ.P. 15(a) states that leave to amend 'shall be freely given when justice so requires.' Nevertheless, the decision to grant or deny an amendment is within the bankruptcy judge's discretion.") (citations omitted).  In order for an amendment to be permissible, whatever is filed must meet the minimum standards of Rule 3001 and § 501

---

[4] Official Form 410.

4

of the Code. A technical defect in a proof of claim clearly may be cured by amendment. *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir. 1985). It is equally clear that an amendment to a claim may not advance a wholly new claim or a theory of liability based on different facts. *Id.*

What is less clear is whether an instrument denominated as something other than a proof of claim may serve as the basis of an amendable claim. This gives rise to the issue of the "informal proof of claim".[5] Neither the Bankruptcy Code nor the Bankruptcy Rules mention the informal proof of claim doctrine. However, the informal proof of claim doctrine is a well-established judicial principle dating back to the time of the Bankruptcy Act. See *Freedom Hutchinson v. Otis, Wilcox & Co.,* 190 U.S. 552, 555, 23 S.Ct. 778 (1903). The essence of the doctrine is to allow a creditor to file a formal amended proof of claim past the time allocated by the Rules when the creditor originally filed an informal proof of claim within the statutory deadline. In other words, the formal amended proof of claim is given retroactive effect to the date of the timely filed informal proof of claim.

In *In re McCutchen*, 536 B.R. 930, 939 (Bankr. N.D. Okla. 2015), Judge Michael, citing Judge Karlin in *In re Spresser*, 2011 WL 2083964 at * 2 (Bankr. D. Kan. 2011)), defined an "informal proof of claim" as follows:

> Often, in an effort to ameliorate what is perceived as a harsh result of strict enforcement of a bar date, courts have deemed something other than a proof of claim to be an 'informal proof of claim' which may be amended. An informal claim is some document that was filed with the Court that is not, and was not intended to be, a proof of claim. The doctrine permits a court

---

[5] The term "informal proof of claim" is actually a misnomer as it implies that the creditor was attempting to file in some manner a proof of claim. That is not true. Instead the very nature of an informal proof of claim is that it was unplanned. *In re Dietz,* 136 B.R. 459, 464 (Bankr. E.D. Mich. 1992). In other words, the pleading purporting to be the informal proof of claim was filed by a creditor for a reason(s) other than to establish a claim against the debtor's bankruptcy estate.

> to treat something other than an actual proof of claim as an 'informal' proof of claim that is timely filed, and thereafter, the creditor is allowed to file a 'formal' proof of claim that relates back to the date of the original filing. The party seeking to assert an informal proof of claim bears the burden of proof.

In effect, the doctrine permits a bankruptcy court to treat the pre-deadline filings as an informal proof of claim that can be amended after the deadline to be in conformity with the requirements of the Code.

In determining what constitutes an informal proof of claim, courts have applied various tests in reaching its conclusions as to what is or is not an informal proof of claim. In examining the reported case law involving informal proofs of claim as well as the historical development of the equitable doctrine, Judge Grant in *In re Fink*, 366 B.R. 870, 874-76 (Bankr. N.D. Ind. 2007), came to the conclusion that "the doctrine is sorely in need of pruning in order to bring some clarity to its proper application and usage." As Judge Grant pointed out "[t]he decisions are not consistent. For every decision which comes to the conclusion that something constitutes an informal proof of claim, one can easily find another saying that it does not. See e.g., *In re Charter Co.*, 876 F.2d 861, 864-65 (11th Cir. 1989) (motion for relief from the automatic stay constitutes an informal proof of claim); *In re Anchor Resources Corp.*, 139 B.R. 954 (D. Colo.1992) (motion for relief from stay does not constitute an informal proof of claim); *In re Benedict*, 65 B.R. 95 (Bankr. N.D. N.Y. 1986) (objection to confirmation is an informal proof of claim); *In re Stewart*, 46 B.R. 73 (Bankr. D. Or. 1985) (objection to confirmation is not an informal proof of claim); *In re Scott*, 67 B.R. 1011, 1013 (Bankr. M.D. Fla. 1986) (complaint objecting to discharge and objection to plan constitute an informal proof of claim); *In re Holzer*, 20 C.B.C. 227 (Bankr. S.D. N.Y. 1979) (dischargeability complaint may not be used as an informal claim)." *Id.,* at

6

pg. 874.   "The doctrine has been applied in so many ways that just about any result can be justified by some reference to existing case law." *Id.,* at pg. 875.

In the Tenth Circuit, the seminal case on the issue of what constitutes an "informal" proof of claim is *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir. 1992) ("*Reliance*)" which adopted a five-part test to determine the existence of an informal proof of claim:

> 1. the informal proof of claim must be in writing;
>
> 2. the writing must contain a demand by the creditor on the debtor's estate;
>
> 3. the writing must express an intent to hold the debtor liable for the debt;
>
> 4. the informal proof of claim must be filed with the Bankruptcy Court; and
>
> 5. based on the facts of the case, it would be equitable to allow the amendment.

See also, *In re Boucek,* 280 B.R. 533, 535-36 *(*Bankr. D. Kan. 2002)*; In re Allied Discount Corp.*, 2008 WL 746993 at * 3 (Bankr. D. N.M. 2008); *In re Commercial Capital, Inc.*, 2012 WL 4336150 at * 2 (Bankr. D. Colo. 2012).

In support of its position, Falcon acknowledges the *Reliance* test but cites to a number of cases from other circuits which use differing tests or standards and urges the court to apply the more liberal approach of courts in those Circuits.  This the Court declines to do.  The Court will apply the test enumerated by the Tenth Circuit in *Reliance* to the facts in this case.

**B**. **The Pleadings/Filings**

In oral argument at the hearing, Falcon asserted that there were five filings/writings[6]

which taken individually or collectively satisfy the requirements for an informal proof of

claim under the test enunciated in *Reliance* by the Tenth Circuit:[7]

(1)  *Motion for Relief from Automatic Stay, Abandonment of Property and Waiver of Rule 4001* filed jointly by Falcon and the state court receiver, David R. Payne on April 29, 2019 (the "Stay Motion") [Doc. 20];

(2) *Amendment to Motion for Relief from Automatic Stay, for Abandonment of Property and Waiver of Rule 4001* filed jointly by Falcon and the state court receiver, David R. Payne May 1, 2019 (the "Amendment") [Doc 29].

(3) *Notice of Withdrawal of Motion for Relief from the Automatic Stay, for Abandonment of Property and Waiver of Rule 4001* filed jointly by Falcon and the state court receiver, David R. Payne on May 23, 2019 [Doc. 74].

(4) *Reply of Falcon Strategic Partners IV, LP, J&R Investment Group, LLC, K. Rick Turner Revocable Trust, and Manuel F. Gonzalez to B&T Rentals, Inc.'s Response to Trustee's Motion to Sell* filed July 12, 2019 [Doc. 156].

(5) *Response of Falcon Strategic Partners IV, LP, J&R Investment Group, LLC, K. Rick Turner Revocable Trust, and Manuel F. Gonzalez to Petitioning Creditors' Application for Recognition and Allowance of Administrative Expense Claim for Filing Involuntary Petition Pursuant to 11 U.S.C. §§ 503(b)(3)(A) and (b)(4)* filed August 16, 2019 [Doc. 189].

The Court must analyze these five filings relied upon by Falcon together with Bankruptcy

---

[6] In its Motion, Falcon stated there are "no less than **six** filings by Falcon and the Trustee reflecting the amount and bases of Falcon's claims and Falcon's intent to hold the Debtor liable." [Motion, Doc. 230, ¶ 17].  It appears that the sixth filing not mentioned in oral argument was Bankruptcy Schedule D filed by the Trustee in this involuntary proceeding.  In this Opinion the Court will address the role which Schedule D plays in the determination of an informal proof of claim.

[7] In oral argument, Falcon's counsel in addition to citing *Reliance* also cited the Eleventh Circuit in *In re The Charter Co.,* 876 F.2d 861 (11th Cir. 1989) and the Ninth Circuit in *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir. 1985).  As will be discussed, *Charter* and *Pizza of Hawaii* are not only not binding precedent in this Court but also contain a different test for the existence of an informal proof of claim than that established in *Reliance.*

Schedule D employing the five-part test of *Reliance* to determine whether they constitute an informal proof of claim.

### 1. Motion for Relief From Stay [Doc. 20] and Amendment to Motion for Relief from Stay [Doc. 29].

The first, and perhaps the most heavily relied upon, pleading upon which Falcon claims constitutes an "informal proof of claim" is its (jointly with the state court receiver, David R. Payne) Stay Motion [Doc. 20].  Courts have held that in order for a motion for relief from the automatic stay to constitute an informal proof of claim the motion must make a demand on the estate and evidence an intent to hold the debtor liable on the claim.  See e.g. *In re Roberts,* 367 B.R. 677, 682 (Bankr. D. Colo. 2007).   In *In re McCutchen,* 536 B.R. 930 (Bankr. N.D. Okla. 2015) in rejecting the creditor's claim of an informal proof of claim having been filed via its motion to lift stay, Judge Michael stated:

> "[Creditor's] motion for relief fails on two counts: First it contains no explicit intention to hold the bankruptcy estate liable for any unsecured claim it might have against the debtor. It requests only that it be permitted to foreclose its security interest in the subject real estate. Second, the motion contains no explicit or implicit claim for a right to participate in the distribution of the assets of the estate.  Without these elements,[creditor's] motion for relief from stay cannot be considered an informal proof of claim."

*Id.,* at 942.  See also, *In re Mitchell*, 82 B.R. 583, 586 (Bankr. W.D. Okla. 1988) (motion to modify stay to permit foreclosure did not make demand on estate or manifest an intent to hold it liable; creditors could have moved for a determination under § 506(a) of the allowed amounts of secured and unsecured claims if the creditors actually meant to establish a claim against the estate); *In re Anchor Resources Corp*., 139 B.R. 954, 957-58 (D. Colo. 1992) (holding undersecured creditor's motion for relief from stay did not

constitute an informal proof of claim to which subsequent, untimely proof of claim for deficiency could relate back; motion sought only permission to foreclose on collateral and did not state intention to hold debtor or estate liable for amount of any deficiency). In denying a motion to lift stay as an informal proof of claim, Judge Tallman in *In re Roberts,* 367 B.R. 677, 681-82 (Bankr. D. Colo. 2007) noted:

> First of all, Debtor's premise that a motion for relief from stay is necessarily recognized as an informal proof of claim is faulty. * * * A cursory examination of the Motion confirms that it contains no demand on the estate and no evidence of an intent to hold the Debtor liable on a claim. No demand for payment of any kind is contained in the Motion. The Motion is based solely on the Movant's claim that it is the owner of the Property. Under the *Reliance Equities* standard, there may be circumstances where a motion for relief from stay could constitute an informal proof of claim, but those circumstances would be rare indeed.

Also see, *In re Glick*, 136 B.R. 654, 657-58 (Bankr. W.D. Va. 1991) (extensively relied upon and quoted at length in *McCutchen*) ("To effectively administer a bankruptcy estate, the trustee cannot be burdened by the uncertainty that would result from liberal allowance of informal proofs of claim to motions for relief from stay which are phrased like (the creditor) Crestar's. The trustee must be able to close a case without the necessity of sifting through every motion for relief in search of a potential deficiency and then being, required to investigate what happened at the foreclosure sale.").

As described above, the second and third requirements of *Reliance* are that "the writing must contain a demand by the creditor on the debtor's estate and the writing must express an intent to hold the debtor liable for the debt." The Court notes that nowhere in Falcon's Stay Motion is there reasonable notice of its intent to seek a deficiency claim

against the Debtor's estate, or even mention any unsecured portion of Falcon's claim.  In fact, Falcon's Stay Motion asserts that it "holds claims exceeding $20,000,000 secured by virtually all of the Debtor's assets, including a subordinate security interest in the Debtor's Accounts Receivable;" that the Debtor has no equity in its assets greater than the secured claims; that the debtor's property is "burdensome and is of no consequential value to the Estate;" and that the debtor's property "be deemed abandoned from the Estate because there is no value in the property beyond the amounts needed to pay secured claims that fully encumber the property."  [Doc. 20, ¶¶12 & 42].  Subsequently, Falcon jointly with the state court receiver amended the Stay Motion to allow for the abandonment of the property and the sale of same by the state court receiver.  The Amendment did withdraw any request seeking abandonment of cash proceeds from any sale, but did not address any unsecured claims of Falcon.

This is not an untypical situation in which many undersecured creditor's seeking relief from the automatic stay are simply content to have their collateral returned without making any further demands on the bankruptcy estate if they believe there is no equity in the debtor's assets from which unsecured creditors might receive a dividend. See *In re Spresser*, 2011 WL 2083964,* 5 (Bankr. D. Kan. 2011) ("A stay relief motion, by its very nature, would typically not make such claims. The purpose of the stay relief motion was to seek permission to pursue remedies outside the bankruptcy context in hopes of collecting some, or all, of (the creditor's) claim against Debtors.")  This Court does not find that there is language in Falcon's Stay Motion or the Amendment evidencing an intent to seek to recover an unsecured deficiency claim against the Debtor estate in the event that its secured claim was disallowed or its collateral sold and applied against the debt.

11

At the evidentiary hearing, Falcon submitted to the court as a "judicial aid" a list of ten cases which had addressed the issue of whether a motion for relief from stay could constitute an informal proof of claim. There were four cases listed as finding a motion to lift stay an informal proof of claim, and six cases finding that the motion did not so qualify.[8] The document illustrates the split of authority on the issue, understandable where there are differing tests under the decisional law of the various circuits when coupled with the bankruptcy court's discretion in such fact intensive cases.

For example, the Fourth Circuit, in which one of the cases cited by Falcon in support of its position, has only two requirements for an informal proof of claim: (1) an affirmative act to put the Court and the parties on notice of the assertion of a specific claim and (2) possession of an intent to collect that claim. See, *In re Elleco*, 295 B.R. 797, 800 (Bankr. D. S.C. 2002) ("[T]he Fourth Circuit has adopted a liberal view toward finding an informal proof of claim where, if there is anything in the bankruptcy case's record that establishes a claim, the informal proof of claim may be amended when substantial justice will be done by allowing the amendment.").

Two other cases relied upon by Falcon are from the Ninth Circuit which only requires that the subject document: (1) state an explicit demand showing the nature and amount

---

[8] *In re The Charter Co.,* 876 F.2d 861 (11th Cir. 1989)(finding informal proof of claim); *In the Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir. 1985) (finding informal proof of claim); *In re Fish,* 456 B.R. 413 (9th Cir. BAP 2011) (finding informal proof of claim); *In re Glick*, 136 B.R. 654 (Bankr. W.D. Va. 1991) (no finding of informal proof of claim); *In re Anchor Resources Corp.*, 139 B.R. 954 (D. Colo. 1992) (no finding of informal proof of claim); *In re Mitchell*, 82 B.R. 583 (Bankr. W.D. Okla. 1988) (no finding of informal proof of claim); *In re Roberts*, 367 B.R. 677 (Bankr. D. Colo. 2007) (no finding of informal proof of claim); *In re Fink*, 366 B.R. 870 (Bankr. N.D. Ind. 2007) (no finding of informal proof of claim); *In re Guardian Mortgage Investors,* 15 B.R. 284 (M.D. Fla. 1981) (finding informal proof of claim); *In re Spresser*, 2012 WL 124855 (D. Kan. 2012) (no finding of informal proof of claim).

of the claim against the estate, and (2) evidence of an intent to hold the debtor liable. *In re Holm*, 931 F.2d 620, 622 (9th Cir. 1991) (acknowledging that the Court has "consistently applied the 'so-called rule of liberality in amendments' to creditors' proofs of claim"). The Ninth Circuit does not require the document that purports to be an informal proof of claim to be filed in the court. *Id.,* at 622.

Clearly, the cases cited by Falcon in support of its informal proofs of claim follow a much more liberal standard and they are neither factually or legally applicable to the present case. The standard followed by most, if not all the bankruptcy courts in this circuit adhere to the stricter *Reliance test.* Indeed, all four of the cases within the Tenth Circuit listed in Falcon's "aid to the Court" found that a motion to lift stay did not constitute an informal proof of claim. *(Anchor, Mitchell, Roberts and Spresser, supra).*

### 2.  Withdrawal of the Motion to Lift Automatic Stay [Doc. 74]

The Trustee points out that the Stay Motion was withdrawn and argues that the withdrawal renders the Stay Motion a legal nullity which cannot serve as the basis of an informal proof of claim. Falcon argues otherwise. There is no case authority in the Tenth Circuit addressing the issue. Falcon is *essentially* correct when it points out that "the cases *unanimously* recognized that the notice and writing requirements of informal proof of claim doctrine can be satisfied even though the filing party has elected not to pursue the relief sought by the withdrawn filing." (Emphasis this Court's) [Doc. 275, pg.1]."[9]  Even if not

---

[9] The Court says "essentially correct" because it has found at least one case in which a withdrawn pleading was viewed as a legal nullity upon which a claim of an informal proof of claim cannot be based. *In re Dana Corp.,* 2008 WL 2885901 at * 4 (Bankr. S.D.N.Y. 2008) (motion to stay held not to constitute an informal proof of claim and "moreover, Movant voluntarily withdrew the Stay Motion leaving nothing before the court to amend."). Cf., *In re 20/20 Sport, Inc.,* 200 B.R. 972, 976 (Bankr. S.D. N.Y. 1996) ("If a claim is filed against the estate and then successfully withdrawn as of right pursuant to Bankruptcy Rule 3006, the withdrawn claim is a nullity and the parties are left as if the claim had never been filed.").

unanimous, the majority view appears to be that a withdrawn pleading can still serve as an informal proof of claim. However, most importantly, there still exists the requirement that the withdrawn pleading be "*an otherwise adequate informal proof of claim.*" *In re Yucca Group, LLC*, 2012 WL 2086485 at * 8 (9th Cir. BAP 2012) (Emphasis added). In all five cases cited by Falcon, the courts found as an initial matter that the withdrawn pleadings met the standards for an informal proof of claim under the applicable law of that Circuit. This Court has already found that the Stay Motion and the Amendment did not constitute an informal proof of claim under the law of this Circuit. Having found that there was no informal proof of claim, the Court need not reach the issue of whether the withdrawal of the Stay Motion and the Amendment was of any legal significance.

### 3. Falcon Scheduled as a Creditor [Schedule D, Doc. 120, pg. 56]

Another pleading which Falcon asserts comprises the informal proof of claim are the Schedules filed by the Trustee which indicate that Falcon holds a secured claim in the amount of $56,227,297 supported by collateral estimated at $13 million. The Secured Claim is not scheduled as contingent, unliquidated or disputed. The argument that a debtor's bankruptcy Schedules can constitute an informal proof of claim has been rejected. *In re Wynn*, 285 B.R. 344 (Table), 2002 WL 1270176 at *5 (10th Cir. BAP 2002) ("[T]he fact that even if the statements in the Debtor's Schedules and proposed plan acknowledge a debt ..., they are not informal proofs of claim on behalf of the Creditors, because they were made by the *Debtor*, not the Creditor. Thus, the statements 'do not contain a demand by the Creditor[s] on the debtor's estate' or express the Creditor's 'intent to hold the debtor liable for the debt'" as required by *Reliance*) (Emphasis original); *In re Casterline*, 51 B.R. 219, 220 (Bankr. D. Colo. 1985) (mere inclusion of a claim in the debtor's schedules does not constitute an informal proof of claim). As stated in *In re Barker*, 2014 WL 1273765 (9th

14

Cir. BAP 2014):

> For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.

> In this case, the only 'writing' (the creditor) relies upon for application of the informal proof of claim doctrine is debtor's Schedules D and F.  However, the mere scheduling of a debt by a debtor does not pass any test in the Ninth Circuit for an informal proof of claim. Under the *Sambo's Rests.* test *(In re Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.*), 754 F.2d 811, 815 (9th Cir. 1985), the scheduling of a debt does not constitute an 'explicit demand' by (the creditor).  Stating a demand does not mean the debtor giving mere notice (such as on the schedules), but also requires a showing that the creditor intends to hold the estate liable. (Citations omitted). Accordingly, debtor's scheduling of the debt cannot reasonably be construed as evidence of (the creditor's) intent to pursue its claims.

### 4. Falcon's Reply to B&T Rentals, Inc.'s Response Trustee's Motion to Sell [Doc. 156]

Falcon asserts that its *Reply to B&T Rental's Response to Trustee's Motion to Sell* is another pleading comprising its informal proof of claim.  In its one-page, two-paragraph reply, Falcon expressly disputed the contention by another creditor that its liens were voidable, but to facilitate approval of the sale, Falcon waived any right to credit bid.  This, Falcon claims, was an act "irrevocably demonstrating Falcon's intent to recover only from the proceeds of the sale." [Motion, Doc. 230, ¶ 7].  Taking Falcon's quoted position at face value, such language clearly does not indicate a claim for any deficiency judgment or other claim to share in the distribution from the Debtor's estate as is required by *Reliance*.  In fact, there is nothing in Falcon's reply stating the amount or nature of the debt owed to it such that would satisfy the requirements of *Reliance.*

15

**5**. **Falcon's Response to the Petitioning Creditors' Application for Recognition and Allowance of Administrative Expense Claim for Filing Involuntary Petition Expenses [Doc. 189]**

Falcon claims that its one-page response to the Petitioning Creditors' Application for Allowance of Administrative Expenses evidences an informal proof of claim. Falcon argues that "the[se] written filings by Falcon made the amount and nature of its claim crystal clear and the intent to recover from the estate is indisputably evidenced." [ Motion, Doc. 230, ¶ 23].  The Court disagrees.  Falcon did not object to the Trustee's payment of administrative fees to the petitioning creditors, only that the payment of administrative expenses of the petitioning creditors was premature.  Again, there is no mention in Falcon's response as to either the amount or the nature of the debt owed it.  The Trustee properly argues that the "Response and the Reply–individually or collectively–does not expressly demand payment from the bankruptcy estate or the debtor." [Doc. 246, ¶ 20]. As argued by the Trustee, "to the contrary, the pleadings filed by Falcon 'indisputably evidence' a desire to have its debt paid through enforcement of its security interest in Debtor's property, and not from the Debtor or the estate." [Doc. 246, ¶ 20].

The Court finds that none of Falcon's five filings/writings relied upon or the schedules as prepared and filed by the Trustee meet the first four requirements of the *Reliance* test.

### C. The Equities - The Fifth Requirement

Falcon asserts that the Informal Proof of Claim Doctrine is a judicially created principle based on equitable principles. [Motion, Doc. 230,  ¶ 24].  That is true.  *Reliance*, 966 F.2d at 1345; *Houbigant, Inc.,  v. ACB Mercantile, Inc. (In re Houbigant, Inc.),* 190 B.R.

16

185, 187 (Bankr. S.D. N.Y. 1995) ("The informal proof of claim is an equitable principle developed by courts to alleviate the harsh results of strict enforcement of the bar date".).

There is no specific statutory basis for invocation of the doctrine.  However, the fact that the doctrine is equitable does not mean that equitable considerations standing alone can establish an informal proof of claim.  "Equitable" considerations are but one of the five-part test of *Reliance* and its progeny. The five elements for an informal proof of claim established in *Reliance* are in the *conjunctive,* i.e. the use of the word  "and" makes clear that each and every one of the five factors must be present.  Only if the document(s) meet the first four requirements is the Court to determine whether, given the particular circumstances of the case, it would be equitable to treat the document(s) as a proof of claim. See e.g. *Hefta v. Official Committee of Unsecured Creditors (In re American Classic Voyages Co.)* 405 F.3d 127, 131-32 (3rd Cir. 2005).  The Court has already found that the first four *Reliance* factors are not present.

The Court acknowledges that were this issue to be decided on the equities alone Falcon would perhaps have a stronger case seeking a determination that it had filed an informal proof of claim.  No doubt, barring a potential multi-million dollar claim is a bitter pill for Falcon to swallow.  Furthermore, there is no evidence that Falcon has been guilty of some misconduct disqualifying it from equitable relief.[10]  But the Court must reiterate that the *Reliance* factors are in the conjunctive and all five must be met.  In this case, they have not.  Nevertheless, the Court will examine the "equitable" requirement by itself.

_____

[10] The Trustee has filed an adversary proceeding against Falcon seeking to avoid Falcon's taking of a security interest in the Debtor's property as a preferential transfer.  The Court does not believe that Falcon being an alleged recipient of a preferential transfer would, standing alone, constitute "misconduct" sufficient to disqualify it from equitable relief.

17

When analyzing the "equitable" requirement under *Reliance* courts consider (1) whether the claimant is sophisticated; (2) whether the claimant had actual notice of the bar date; and (3) whether the claimant was intimately involved in the debtor's case. *In re Egan,* 526 B.R. 111, 114 (Bankr. S.D. N.Y. 2015); *In re Colley*, 570 B.R. 346, 350 (Bankr. E.D. Okla. 2017). Furthermore, "Courts are less likely to employ the informal proof of claim doctrine where the creditor is represented by counsel, as '[a]ttorneys practicing in bankruptcy court are charged with a general knowledge of the Federal Rules of Bankruptcy Procedure.'" *Egan*, 526 B.R. at 114 (quoting *In re Han-Hsien Tuan*, 2013 WL 5719505, at *5 (D. N.J. 2013); *Reliance*, 966 F.2d at 1345 ("equities do not favor protecting a financial organization that had numerous opportunities to protect itself."); *Colley*, 570 B.R. at 350 ("Chase is a sophisticated creditor. Chase had notice of the claims bar date. Chase participated in the case....Chase was represented by counsel who regularly practices in bankruptcy court.").

In the present case, it does not appear to be disputed that Falcon is a sophisticated investor,[11] that it had actual notice of the bar date, and that it was intimately involved in the debtor's case. The Court finds that under the circumstances Falcon has not met the "equitable" requirement under *Reliance*.

There is little doubt that the Trustee was aware that Falcon was asserting a secured claim in this bankruptcy. In fact, Falcon's taking a blanket security interest in the Debtor's property which could possibly be avoided as a preferential transfer under § 547 was the

---

[11] At hearing, however, in cross-examination Falcon's counsel was reluctant to agree to the characterization of Falcon as a "sophisticated" investor or financial entity. From the evidence adduced at hearing, as well as the record, the Court finds that Falcon was a sophisticated investor.

18

primary reason for the filing of the involuntary petition. The problem for Falcon, however, is that the Trustee's actual knowledge of its claim standing alone is insufficient for the filing of an informal proof of claim. Creating informal proofs of claim by imputing knowledge to the trustee would unduly burden the administration of the estate by relying on what the trustee knew and requiring the trustee to investigate all rumors of claims before closing the estate rather than upon objective reference to the claim filing system. *Cf. In re Davis*, 108 B.R. 95, 99 (Bankr. D. Md. 1989) (mere knowledge of the trustee is not enough to constitute an informal proof of claim); *In re Nutri*Bevco, Inc.*, 117 B.R. 771, 789 (Bankr. S.D. N.Y. 1990) (informal proof of claim must set out in a writing with the requisite degree of specificity); *In re International Horizons, Inc.,* 751 F.2d 1213, 1217 (11th Cir. 1985) ("Mere knowledge of the existence of the claim by the debtor, the trustee or bankruptcy court is insufficient."). Knowledge of a creditor's claim untethered to a filed document containing information consistent with a formal proof of claim would extend the informal proof of claim doctrine beyond what is required by *Reliance* and other cases and turn the entire claims process on its head.

### V. Conclusion

There are few tasks a bankruptcy judge is asked to perform which is more disagreeable than barring a party's claim due to an error made by counsel. The task is doubly unpleasant where, as here, counsel and his firm are superlative practitioners, leaders in the bankruptcy bar and counsel for whom this Court has great respect. As the Court stated from the bench at the conclusion of the hearing in this matter, having been in private practice for almost 30 years before taking the bench, missing a deadline is one

thing which keeps attorneys awake at night.  But unpleasant as is the task of barring a claim under these circumstances, it is one from which a conscientious bankruptcy judge just cannot shrink or abstain from when the issue is one integral to the bankruptcy system and required by the Bankruptcy Code.

Falcon was given proper notice of the claims bar date but failed to file a proof of claim within that deadline even though represented by competent bankruptcy counsel.[12] The Bankruptcy Rules limit the ability of this Court to extend the claims deadline in Chapter 7 cases, and there is no basis under the Rules for an extension in this case.  The Tenth Circuit's decision in *Reliance* requires this Court to apply a five-part test to determine whether the writings/filings filed by Falcon constitute an informal proof of claim.  The writings/filings, individually or collectively, fail that test, including equitable considerations that can permit this Court to deviate from controlling law.  Accordingly,

**IT IS ORDERED** that Falcon's *Motion for Amendment of Informal Proofs of Claim* [Doc. 230] is hereby **Denied.**  Falcon's payment and priority of its claim, represented by its tardily filed proofs of claim [POC's 85-1, 86-1, 87-1, & 88-1], shall be governed by 11 U.S.C. § 726.

# # #

---

[12] Eighty four other claimants filed claims on time.